SYRACUSE, LAKE SHORE AND NORTHERN RAILROAD COMPANY, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

Third Department, November 15, 1916.

Eminent domain — acquisition by State of property of electric railroad company for canal purposes — damages.

Where a defective proceeding has been had for the appropriation by the State for canal purposes of lands belonging to an electric railroad company in which said company acquiesced and waived all irregularities, said company upon a subsequent valid appropriation of the lands is entitled to their value at the date of the first appropriation with interest.

Where the State appropriates intervening properties over which an electric railroad company had intended to acquire the right of way to construct its transmission lines, but had instituted no proceedings for such purpose, said company is not entitled to an award of the cost of constructing a new transmission line.

The only charge such company can make against the State is that by reason of its appropriation of the intervening properties, it frustrated an intention upon the part of the company to acquire in the future a right of way and construct a transmission line across said properties.

APPEAL by the defendant, The State of New York, from a judgment and determination of the Board of Claims, entered in the office of the clerk of said Board on the 1st day of March, 1915.

*Egburt E. Woodbury, Attorney-General* [*Franklin Kennedy* and *Alex. T. Selkirk, Deputies,* of counsel], for the appellant.

*Nottingham & Nottingham* [*Edwin Nottingham* of counsel], for the respondent.

LYON, J.:

This is an appeal by the State from an award of $3,000, with interest from January 10, 1912, made by the former Board of Claims in favor of the claimant above named, arising out of the appropriation by the State of property for barge canal purposes.

The claimant was organized for the purpose of constructing and operating an electric surface railroad between Syracuse,

N. Y., and Oswego, N. Y., a distance of about thirty-six miles. On June 1, 1908, the rails had been laid from Syracuse to Fulton, but the road was in operation only from Syracuse to the southerly part of Oswego street in Baldwinsville, N. Y., a distance of about fourteen miles. The electric current used in operating this completed section of the railroad and intended to be used in operating the remaining sections as completed was obtained from the Niagara, Lockport and Ontario Power Company at its substation, situated on its lands on the southerly bank of the Seneca river in Baldwinsville. From this substation the current was conducted over the high tension power transmission line of the claimant to Lakeland, about ten miles southerly from Baldwinsville, where the current was reduced and transformed to a direct current and applied through feed wires to operating the cars of the claimant company. On June 1, 1908, the transmission line between Baldwinsville and Fulton had been completed with the exception of about a half mile intervening between said substation and the northerly side of East Genesee street in Baldwinsville, where the line was to enter upon the private right of way of the claimant. This intervening space was occupied by five parcels of land having separate individual ownership and by the Seneca river. While the claimant had caused a survey to be made of this intervening space with the intention of acquiring the necessary right of way and of constructing the needed section of transmission line to connect the ends of its existing lines and thus complete its wiring from Syracuse to Fulton, the claimant had in fact instituted no proceedings to acquire such right of way prior to June 1, 1908, on which date the State appropriated these intervening lands, as well as the lands of said power company. The State at the same time assumed to appropriate the parcel of land adjoining the lands of the power company on the south property belonging wholly to one Thorne, whereas the claimant was the owner by conveyance from said Thorne, executed and recorded the preceding September, of a strip thereof 25 feet in width and about 225 feet in length, taken off the westerly side of the parcel, upon which strip it had constructed its transmission line running from said substation to Lakeland. Notice of the filing of a map and survey of such parcel and of

the certificate of the State Engineer and Surveyor of such appropriation in the office of the Superintendent of Public Works on June 1, 1908, was served upon said Thorne, but no such notice was served upon the claimant. Soon following such appropriations the lands were used as a spoil bank upon which to deposit earth excavated in the construction of the canal along the river opposite the lands so appropriated.

By reason of such appropriations the claimant was compelled to obtain the electric current for the operation of its railroad from the station of said power company at Solvay, N. Y., from which place the current was transmitted to Lakeland where it was reduced and applied as theretofore. Also by reason of such appropriations the claimant's transmission line between said substation and claimant's tower, situated upon the Group parcel adjoining the Thorne property on the south, a distance of 1,225 feet, became useless, and claimant, soon after said appropriations were made, abandoned and dismantled the same, and proceeded to acquire a new right of way about one mile and three-quarters in length, extending from said tower easterly across the Seneca river, and thence northerly connecting with claimant's existing line at a point about one mile north of said intervening space. The claimant filed its claim May 31, 1910, asking an award of $3,000, with interest thereon from June 1, 1908. The difference in value of the right of way and of the 1,225 feet of transmission line at the time of, and subsequent to the attempted appropriation, was fixed by the Board of Claims at $559.43, and this conclusion is fairly supported by the evidence. The cost to claimant of constructing such new line over and above what would have been the cost to claimant of constructing a connecting line over said intervening space, had the claimant been allowed to carry out its original intention, was fixed by the Board of Claims at $2,577.88, and is also fairly supported by the evidence.

On January 10, 1912, the State again took proceedings to appropriate the original Thorne property. On that day it filed in the office of the Superintendent of Public Works two maps, one of the portion of the property owned by said Thorne on June 1, 1908, and the other of the portion owned by claimant on that date, and caused to be served upon claimant January 12,

1912, the usual notice of appropriation of said strip. Concededly this narrow strip of bare land was of only nominal value in January, 1912, and the appellant's counsel argues that such value should be the limit of the award, as the attempted appropriation of June 1, 1908, was never completed owing to the State having mistakenly included the claimant's strip of land in the map and survey of the Thorne parcel, and also to the State not having served a notice of appropriation upon the claimant. As hereinbefore stated, the assumed appropriation of all the parcels was made at the same time, at which time the substation and the transmission line were in full operation, or as the saying is, were going concerns. The claimant acquiesced in the attempted appropriation by the State, waived all irregularities, dismantled its transmission line, and yielded possession of its strip of land and rights of way to the State to be converted into a spoil bank. For the State to take advantage of its own mistake, and succeed in compelling the claimant to accept an award based upon the value of its property in January, 1912, would be gross injustice to the claimant. We think the claimant is entitled to the award of $559.43, with interest thereon from June 1, 1908.

We think, however, that the Board of Claims was in error in awarding claimant the cost of constructing the new line. As stated, the claimant had no right of way across, and in fact no pecuniary interest whatever in said intervening properties. Without being possessed of such right of way the claimant's only recourse upon the appropriation by the State of said intervening properties was to build this new line. The only charge the claimant can make against the State is that by reason of its appropriation of these intervening properties the State frustrated an intention upon the part of claimant to some time in the near future acquire a right of way and construct a connecting transmission line across those properties. This action upon the part of the State did not entitle claimant to an award of damages against the State. Neither was the necessity for the construction of the new line created by the mere appropriation of the Thorne property nor of the whole or any part of claimant's 1,225 feet of transmission line. This necessity would have existed because of the State's appropriation of said inter-

vening properties had no appropriation of any of claimant's property been made.

These views lead to the conclusion that the determination of the Board of Claims should be modified by reducing the amount awarded to $559.43, with interest thereon from June 1, 1908, and as so modified affirmed.

Determination modified by reducing the amount awarded to $559.43, with interest from June 1, 1908, and as so modified unanimously affirmed. Findings inconsistent herewith disapproved of. Order to be settled, on notice, before LYON, J.